UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN J. SADLER,

        Plaintiff,

v.                             Case No:   2:15-cv-351-FtM-38MRM

EXPERIAN INFORMATION
SOLUTIONS, INC.,

        Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff Susan J. Sadler's Motion for Reconsideration and Opposition to Consolidation (Doc. #59) filed on September 29, 2016. Defendant Experian Information Solutions, Inc. filed a Response in Opposition on September 30, 2016. (Doc. #60). This Motion is now ripe for the Court's review.

## **BACKGROUND**

On September 16, 2016, Defendant Experian Information Solutions, Inc. ("Defendant Experian") filed a Partially Unopposed Motion to Consolidate Related Cases in a companion case docket, which this Court granted.[2] *See Sadler v. Experian*

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Due to an error in the Clerk's office, Defendant Experian's Partially Unopposed Motion to Consolidate Related Cases was docketed under the heading, "Unopposed Motion to Consolidate Related Cases." *See Sadler v. Experian Information Solutions, Inc.*, 2:16-cv-534-FtM-38MRM. Consequently, this Court issued an order consolidating the related cases. *See id.* The Court takes notice of the fact that Defendant Experian actually filed a Partially Unopposed Motion to Consolidate Related Cases. The Court will now entertain Plaintiff's Motion opposing such consolidation as she was previously denied an opportunity to respond. *See*

*Information Solutions, Inc.*, 2:16-cv-534-FtM-38MRM. Plaintiff now moves the Court to reconsider consolidating the action styled, *Sadler v. Experian Information Solutions, Inc.*, 2:16-cv-534-FtM-38MRM, with the instant action, *Sadler v. Nationstar Mortgage LLC*, 2:15-cv-351-FtM-38MRM.[3] The instant action additionally includes Defendant Nationstar Mortgage LLC ("Defendant Nationstar").

## LEGAL STANDARD

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006); *Deutsche Bank Nat'l Trust Co. v. Holyfield*, No. 8:08-cv-1101, 2008 WL 2557591, at *1 (M.D. Fla. June 20, 2008). In exercising this discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. The former typically prevails, as reconsideration of an order is an extraordinarily remedy that is used sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

## DISCUSSION

Plaintiff objects to the consolidation of *Sadler v. Nationstar Mortgage LLC*, 2:16-cv-534-FtM-38MRM with the instant action on several grounds. *See* (Doc. #59). She

---

(Doc. #59); *see also McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010) (recognizing reconsideration where the court finds grounds to correct a clear error).

contends consolidation of the actions would reopen discovery and needlessly delay trial. (Doc. #59 at 2). Plaintiff additionally asserts there are substantial differences in the underlying facts and legal theories in both actions. (Doc. #59 at 3).

In response, Defendant Experian contends a 30 day extension of deadlines would not needlessly delay trial given the overlap of facts and allegations in the two relevant actions. (Doc. #60 at 2). Defendant Experian reiterates to the Court that Plaintiff files verbatim claims against it and Defendant Nationstar, intertwining both Defendant parties. (Doc. #60 at 4). As a final measure, Defendant Experian adds that the costs of maintaining two lawsuits would increase due to the same witnesses being subject to a new round of discovery. (Doc. #60 at 3-4). The Court agrees.

A court typically weighs the following when deciding consolidation:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citation omitted). Here, the Court granted consolidation as both actions involved the same disputes, communications, documents, witnesses, and legal issues. While the two actions allege different violations of the Fair Credit Reporting Act (FCRA), the Court finds such difference slight in comparison to the overall benefit of consolidating the two actions. The underlying facts, allegations, and request for damages in both actions sufficiently overlap to justify consolidation. Furthermore, Defendant Experian has already indicated to the Court that it requires minimal additional discovery to supplement the discovery already completed in the instant action. (Doc. #60 at 3).

Consequently, the Court finds no new law or facts present to refute its prior ruling. See *Fla. Coll. of Osteopathic Med., Inc.*, 12 F. Supp. 2d at 1308 (where a motion for reconsideration must set forth facts or law strong enough to cause the Court to reverse its prior decision). For the reasons stated above, the Court denies to undo its consolidation of *Sadler v. Nationstar Mortgage LLC,* 2:16-cv-534-FtM-38MRM with the instant action.

Accordingly, it is now

**ORDERED:**

Plaintiff Susan J. Sadler's Motion for Reconsideration and Opposition to Consolidation (Doc. #59) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of October, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record